UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CR-132-Z-BR-1 |
| | § | |
| DARRYL MONTEZ MURPHY, II | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION FOR CONTINUED RELEASE**

By *Order Adopting Report and Recommendation Concerning Plea of Guilty and Referring the Issues of Mandatory Detention to the Honorable Magistrate Judge Lee Ann Reno,* filed March 12, 2021, this matter has been referred for determination of whether the Court should not order Defendant's detention, pending sentencing, under the exceptions to mandatory detention identified in 18 U.S.C. § 3143(a)(2) and § 3145(c). (*See* ECF 40, at 3 (referring "this matter to the [undersigned] … to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied")). Specifically, those provisions require that a defendant convicted for certain offenses be detained unless: (l)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant's detention would not be appropriate; *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. See 18 U.S.C. § 3143(a)(2) and § 3145(c); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir. 1991).

Before the Court is Defendant's Motion for Continued Conditions of Release, filed March 26, 2021 (ECF 46), as well as Government's Response (in Opposition) to Defendant's Motion for Continued Conditions of Release, filed April 13, 2021. (ECF 47). On April 14, 2021, the Court held an evidentiary hearing on the Motion. After considering the parties' filings, proffered evidence, argument, and applicable law, Defendant's motion for continued pretrial release is GRANTED.

## I. Background

Defendant was arrested and made his initial appearance before the Court on December 7, 2020. (ECF 5). At his Detention Hearing on December 14, 2020, the Court set an unsecured bond in the amount of $10,000.00 and entered an order setting conditions of release. (ECF 18–19). On December 17, 2020, the grand jury indicted Defendant on two counts, the first being Count One, alleging Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846, and the second, Count Two, alleging Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l) and 84l(b)(l)(C). (ECF 20).

Defendant signed a written plea agreement with the Government on February 12, 2021, pleading guilty to Count Two of the Indictment. (ECF 28). The undersigned recommended that Defendant's plea be accepted and on March 12, 2021, the Honorable United States District Judge Matthew J. Kacsmaryk adopted the Report and Recommendation and adjudged Defendant guilty of Possession with Intent to Distribute Methamphetamine. (ECF 38, 40). Defendant is set for sentencing June 29, 2021. (ECF 39). This offense is among those listed in 18 U.S.C. § 3142(f)(l)(A)- (C), which requires mandatory detention absent an applicable exception.

## II. Analysis

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the

Bail Reform Act." *United States v. Lee,* No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001). Section 3143 governs release pending sentencing. *See* Fed. R. Crim. P. 46(c). Because "[a] convicted defendant has no constitutional right to bail," § 3143(a) " 'establishes a presumption against its' being granted" *(United States v. Olis,* 450 F.3d 583, 585 (5th Cir. 2006) (citation omitted)) and requires detention of any person found guilty of an offense listed in § 3142(f)(l)(A)-(C), absent an applicable exception. *See* 18 U.S.C. § 3143(a)(2).

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(l) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
> >
> > (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id.* (emphasis added). In addition, § 3145(c) authorizes release for a defendant subject to mandatory detention where the defendant: (1) demonstrates by clear and convincing evidence he "is not likely to flee or pose a danger to the safety of any other person or the community" *and* (2) clearly shows "that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. §§ 3143(a)(l) and 3145(c); *see Carr,* 947 F.2d at 1240.

Here, Defendant has been adjudged guilty of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l) and 84l(b)(l)(C). (*See* ECF 40). This constitutes " 'an offense in a case described in subparagraph (A) … of subsection (f)(l) of section 3142,' specifically, 'an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.),' " thereby subjecting

Defendant to mandatory detention. *United States v. Perez,* No. 3:18-cr-128-N (2), 2018 WL 6436439, at *1 (N.D. Tex. Dec. 7, 2018); *United States v. Snow,* No. 3:17-cr-341-B (17), 2018 WL 4335816, at *1 (N.D. Tex. Sept. 11, 2018). Defendant concedes as much in his motion but nevertheless invokes § 3145(c), arguing it authorizes his continued release because he has: (1) identified exceptional circumstances showing why his detention would not be appropriate, i.e., he is an honorably discharged military veteran diagnosed and currently suffering from Post-Traumatic Stress Disorder (PTSD), depression and anxiety, who is undergoing specific targeted treatment for these conditions necessary for him to acclimate to a prison environment safely; he developed substance abuse issues as a result of a serious back injury prior to his arrest and successfully underwent inpatient treatment for his substance abuse issues while on conditions of release; Randall County Detention Facility is ill-equipped to deal with defendant's mental health treatment; and (2) demonstrated by clear and convincing evidence he is not likely to flee or pose a danger to any other person or the community if released. (*See* ECF 46, at 1- 3).

The Court initially considers whether Defendant has demonstrated by clear and convincing evidence that, if released, he is not likely to flee or pose a danger to any other person or the community. *See* 18 U.S.C. § 3143(a)(2). Under the record as developed, the Court finds he has done so. At the evidentiary hearing, the Government did not argue that defendant has violated any of the conditions of his release. Further, this Court has already made the determination once that defendant overcame the presumption of flight risk and dangerousness; absent changed information or violations of the conditions of his release, the Court finds that these determinations have not changed even though Defendant has now pleaded guilty. In sum, the Court finds Defendant has shown by clear and convincing evidence that, if continued on conditions of release, he is not likely to flee or pose a danger to any other person or the community.

As for the second element, the Fifth Circuit has noted that the "exceptional reasons"

provision was added to § 3145(c), in connection with the mandatory detention provisions of § 3143(a)(2) and (b)(2), for the apparent purpose of providing a means of *exceptional* discretionary relief from those compulsory requirements. *Carr,* 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit has defined "exceptional reasons" as "a unique combination of circumstances giving rise to situations that are out of the ordinary," which must be assessed under § 3145(c) on a case-by-case basis. *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir. 1991); *see United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (explaining that, in the context of mandatory detention, "exceptional" means "clearly out of the ordinary, uncommon, or rare" (citation omitted)). In making these determinations courts should "avoid emasculating the mandatory detention statute" by ensuring that "exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to … unjust detention." *United States v. Thomas,* Crim. No. 10-229(NLH), 2010 WL 3323805, at *2 (D. N.J. Aug. 20, 2010) (citation omitted).

   Under the record as developed, the Court finds Defendant has established a singular set of circumstances "so clearly out of the ordinary, uncommon, or rare as to justify" his continued release under §§ 3143(1)(2) and 3145(c) pending sentencing. *Id.* The Court recognizes the widely varying authority on this matter is a direct result of the need to weigh each determination on a case-by-case basis and the Eighth Circuit perhaps put it best when it recognized the split of authority concerning mental health treatment and exceptional circumstances. *See United States v. Brown,* 368 F.3d 992, 993 (8th Cir. 2004). In light of the expert testimony provided at the April 14, 2021 evidentiary hearing on this motion, the Court determines that this Defendant is currently receiving superior care for his mental health conditions than he would receive if ordered to report forthwith for detention, and that, *importantly*, this care will possibly decrease the Defendant's possible suicidal ideations and reduce the risk of inmate-on-inmate or inmate-on-guard violence as a result of PTSD in a prison

setting. As such, the Court finds that by failing to allow Defendant to complete the program outlined in the evidentiary hearing (approximately a 1 to 3 month treatment plan) would place Defendant at a higher risk of self-harm or harm to other inmates or guards, which is unnecessary and amounts to exceptional circumstances. *See United States v. Garland*, No. 3:16-cr-373-M (26), 2018 WL 1532443 (N.D. Tex. Mar. 29, 2018) (finding exceptional circumstances where defendant was in phase three of a substance abuse treatment program that was unavailable at the unit of confinement). Here, the testimony establishes that Defendant has access to a superior program to address his mental health concerns (the direct result of his admirable service in the armed forces), and such program is likely unavailable at Randall County Detention Center. The Court determines that while Defendant's compliance with this current release conditions alone is insufficient to warrant continued release, when considered in combination with his mental health conditions, veteran status, current treatment plan, employment as a coach, and other circumstances constitute exceptional circumstances warranting continued release.

The totality of the record as a whole clearly shows why Defendant's presentencing detention would not be appropriate. *See, e.g., Snow,* 2018 WL 4335816, at *4 (finding that "totality of the facts," including Defendant's deteriorating health and "likely" need for a heart transplant and his pretrial release compliance, constituted "a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate"); *see also United States v. Spigner,* 416 F.3d 708, 712- 13 (8th Cir. 2005) (noting district court found "exceptional reasons" under § 3145(c) why defendant's presentencing detention would not be appropriate, where defendant's high blood pressure, daily prescription regimen, and need for regular dialysis treatment required "extraordinary efforts" to ensure his health).

### III.   Conclusion

Defendant has demonstrated by clear and convincing evidence that he is not likely to flee

or pose a danger to any other person or the community if released under 18 U.S.C. § 3143(a)(2)(B) and has clearly shown exceptional circumstances in accordance with 18 U.S.C. § 3145(c) why he should not be detained pending sentencing. Defendant is therefore ORDERED to remain on release pending sentencing before United States District Judge Matthew J. Kacsmaryk, subject to the terms of his Appearance Bond and this Court's December 14, 2020, Order Setting Conditions of Release. ECF 18, 19.

**IT IS SO ORDERED.**

ENTERED on May 11, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE